The opinion of the Court was delivered by
O’Neall, J.
In these cases, it is necessary to make a statement before the opinion can be understood. Matheson & Simons are creditors by bond of Eliza L. Rutledge, the absent *42 debtor; it is dated 1st January, 1842, conditioned for the payment in six equal annual instalments of $2500 with legal interest from the date.
On the 10th of April, 1852, she became also indebted, by bond, to Bryan the Garnishee, the trustee of her marriage settlement, conditioned for the payment of $1798 with legal interest from the date. On the 24th of March, 1852, she gave him a power of attorney to transfer to himself, as trustee, under the said marriage settlement, thirty-three shares in the capital stock of the Bank of South Carolina, hypothecated for the payment of her note to the bank.
On the 28th of July, 1856, the plaintiffs issued their writ in attachment against Eliza L. Butledge, and summoned the bank and Bryan as garnishees. .Both made their returns. Bryan declared, as creditor in possession, and recovered a judgment, 7th January, 1858. At October Term, 1856, a consent order, without prejudice, was made, appointing Henry Buist, Esq., assignee under the Act of 1844. He sold the stock and paid the debt to the bank, and held the surplus of $758 79-100 subject to the order of the court. The creditors, Matheson & Simons, filed a suggestion contesting the return of John Bryan, to which he pleaded, but which has not been tried. The judge below, at the last Fall Term, made'an order, that Buist pay the fund in his hands to Matheson & Simons. The garnishee, John Bryan, moves this court to reverse that decision on various grounds. The second ánd third need only be noticed. Taking up the second ground, and considering it as the first in this opinion: 1.1 think I hazard nothing in saying that a power of attorney such as this, with an interest, is irrevocable. That such a power authorizing him to transfer to himself, as trustee, the thirty-three shares hypothecated to the bank, was an equitable assignment of all which remained, after payment of the bank debt, is, I think, too plain to require more than to be stated. That such an assigment is respected at law, has been too often adj udged to *43 require to be established by" authority. If the case had stopped here, I should have held that Bryan, under the power, was entitled to the fund. But the third ground, which I consider as the second of this opinion, is fatal to' the claim of Matheson & Simons (as it stands at present). 2. The plaintiffs have treated Bryan as having the property of the absent defendant in possession. He is required by their writ t<? state on oath what he has in his “ hands, possession or power,” belonging to the absent debtor. 1st section of the Attachment Act of 1744, P. L. 188. What is meant by “hands, power or possession ?” In Burrel vs. Letson, 1 Strob. 245, I stated the meaning of those words to be, “ what is in fact or in law in the garnishee's possession." That which under the irrevocable power, he could, at any moment, by paying the debt, to pay which the stock was hypothecated, and filing his power of attorney in the Bank, have transferred to himself, is certainly having in law the possession of the nett. balance. Standing, as creditor in possession, recognized as such by the proceedings, and having obtained his judgment, I think he was entitled to the fund.
The motion to reverse the decision below is granted.
Ward law and Withers, JJ., concurred.
Glover, JJ., dissented.

Motion granted.